UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JAMES HENSLEY, JR.,

        Plaintiff,

   v.

GLORIA BRINKLEY, et al.,

        Defendants.

Case No. C24-1053-SKV

ORDER OF DISMISSAL

## INTRODUCTION

Plaintiff Robert James Hensley, Jr. proceeds pro se in this civil rights matter filed under 42 U.S.C. § 1983. He names Gloria Brinkley, Cheslea Beasley, and James Jonson as Defendants, and alleges they conspired to violate his constitutional rights. *See* Dkt. 1. Beasley and Johnson are employees of the Washington State Department of Social and Health Services (DSHS), while Brinkley is the mother of Plaintiff's child and also proceeds in this matter pro se. *See* Dkts. 1 & 22.

Now pending before the Court is Plaintiff's Motion and Declaration for Injunctive Relief. Dkt. 21. Defendants Beasley and Johnson filed a response to the motion, opposing the request for injunctive relief and requesting dismissal of this matter *sua sponte*. Dkt. 22. Plaintiff submitted a reply opposing the request for dismissal. Dkt. 25. The Court, having now

ORDER OF DISMISSAL - 1

considered the pending motion, all papers filed in support and opposition, and the remainder of the record, herein finds this matter properly dismissed due to the absence of subject matter jurisdiction.

## BACKGROUND

On August 9, 2023, a Snohomish County Court Commissioner ordered Plaintiff to pay to Brinkley "interest on child support arrears from 8/2013 through 2/2023 in the amount of $56,565.58." Dkt. 24, Ex. 2. The order followed from Brinkley's motion and Plaintiff's response to and motion to dismiss Brinkley's motion. *Id*., ¶¶6, 10.

Plaintiff filed a motion to revise and vacate the Commissioner's order. *Id*., Ex. 6. He asserted error due to the failure to consider due process and equal protection under the law, that the issue of interest on child support arrears had already been adjudicated or settled, and that Brinkley failed to submit evidence to support her contention the interest had not been paid. *Id*. at 9, 15. In September 2023, the Snohomish County Superior Court found "no legal basis" for and denied Plaintiff's motion. *Id*., Ex. 3. Plaintiff filed motions for reconsideration, asserting issues of due process and the absence of any legal authority for the order. *Id*., Exs. 7-8. The Snohomish County Superior Court found Plaintiff failed to demonstrate any error in the order denying the motion to vacate and therefore denied the request for reconsideration. *Id*., Ex. 4.

Plaintiff thereafter requested a "Conference Board" review by DSHS, asserting that Washington Administration Code (WAC) § 388-14A-7115 required the calculation of the amount of interest be certified by, among others, a "IV-D agency[.]" Dkt. 23, Ex. 1 at 2. He demanded written confirmation from DSHS that the interest calculations had been certified by a IV-D agency, and asserted his expectation that DSHS would terminate the withholding of his income. *Id*. On October 18, 2023, the DSHS Conference Board found DSHS authorized to

ORDER OF DISMISSAL - 2

1  "enforce the interest determined by the [superior court] judge[,]" and that DSHS did not require
2  any additional certifications of the interest amount. *Id*., Ex. 2.
3  Plaintiff filed the current matter on July 12, 2024. Dkt. 1. He alleges violations of his
4  rights under the Fifth, Ninth, and Fourteenth Amendments, and that the named Defendants
5  conspired together to violate those rights. He points to WAC § 388-14A-7115 as requiring that a
6  calculation of interest be certified by a Title IV-D agency, and alleges Beasley and Jonson
7  provided interest calculations that were not so certified and encouraged Brinkley to pursue a state
8  court action against him, resulting in disparate treatment and the continued loss of his wages. *Id*.
9  He also filed the motion for injunctive relief now pending before the Court. Dkt. 21.

## DISCUSSION

In the motion seeking injunctive relief, Plaintiff asserts that his wages are being garnished without notice or certified interest calculations from a Title IV-D agency, violating his right to due process and equal protection. Dkt. 21. He argues immediate injunctive relief is necessary to prevent irreparable harm. Defendants deny Plaintiff meets the standards for a preliminary injunction, and argue the Court should dismiss this matter *sua sponte* due to an absence of subject matter jurisdiction or, in the alternative, the failure to state a cognizable claim for relief. Dkt. 22. Because an absence of subject matter jurisdiction would render any other arguments raised in relation to Plaintiff's motion and this case as a whole moot, the Court begins with consideration of the jurisdictional issue.

Challenges to subject-matter jurisdiction may be raised by a defendant "'at any point in the litigation,' and courts must consider them *sua sponte*." *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 548 (2019) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). *See also Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035-36 (9th Cir. 2013) ("A court's subject-matter

jurisdiction can never be waived or forfeited, objections to the court's jurisdiction may be resurrected at any point in the litigation, and courts are obligated to consider *sua sponte* requirements that go to subject-matter jurisdiction.") (cleaned up and citations omitted); Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").[1]  A federal court is presumed to lack subject matter jurisdiction, and the burden of establishing to the contrary lies with the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  The Court is not restricted to the face of the pleadings in considering the existence of jurisdiction.  *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

        Defendants here argue that the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine derives from two Supreme Court cases:  *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  "It stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state-court judgments."  *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).  *See also Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (the doctrine prohibits plaintiffs from "com[ing] to federal court to seek 'what in substance would be appellate review of the state

---

[1] The Court is not required to provide notice and an opportunity to respond prior to dismissal for lack of subject matter jurisdiction. *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citing *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)).  The Court must, however, consider "all of the circumstances" in determining whether an absence of notice "as to the possibility of dismissal or the failure to hold an adversary hearing renders the dismissal void." *Id.* (cleaned up and quoting *Cal. Diversified Promotions, Inc.*, 505 F.2d at 280).  In this case, Plaintiff had the opportunity to address the issue of subject matter jurisdiction in the reply offered in support of his motion and in opposition to the request for dismissal by Defendants.

ORDER OF DISMISSAL - 4

1    judgment.'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).  This is because

2    "[t]he United States Supreme Court is the only federal court with jurisdiction to hear such an

3    appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

4         The *Rooker-Feldman* doctrine bars a federal district court from exercising subject matter

5    jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de

6    facto equivalent' of such an appeal." *Morrison v. Peterson*, 809 F.3d 1059, 1069-70 (9th Cir.

7    2015) (quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)).  "A federal district court

8    dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state

9    court must refuse to hear the forbidden appeal." *Noel*, 341 F.3d at 1158.  In determining whether

10   an action functions as a de facto appeal, the court pays close attention to the relief sought.

11   *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022).  "A 'forbidden de facto appeal under

12   *Rooker-Feldman*' arises 'when the plaintiff in federal district court complains of a legal wrong

13   allegedly committed by the state court, and seeks relief from the judgment of that court.'" *Id*.

14   (quoting *Noel*, 341 F.3d at 1163).

15        The court must also "refuse to decide any issue raised in the suit that is 'inextricably

16   intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at

17   1158 (quoting *Feldman*, 263 U.S. at 486-87).  "Claims are inextricably intertwined if 'the relief

18   requested in the federal action would effectively reverse the state court decision or void its

19   ruling.'" *Hooper*, 56 F.4th at 624-25 (quoting *Cooper*, 704 F.3d at 779).  Stated another way:

20   "Where the district court must hold that the state court was wrong in order to find in favor of the

21   plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law

22   Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).  Relevant here, *Rooker-Feldman*

23

applies "even where the challenge to the state court decision involves federal constitutional issues, including section 1983 claims." *Benavidez*, 993 F.3d at 1142.[2]

The Ninth Circuit takes a two-step approach to the *Rooker-Feldman* doctrine. First, the court must determine whether the plaintiff is seeking a forbidden de facto appeal of a state court judicial decision. *Noel*, 341 F.3d at 1158. Then, and "[o]nly when there is already a forbidden de facto appeal" found, must the court consider whether the issues in the federal case are so inextricably intertwined with the state court judicial decision from which the forbidden appeal arises. *Id*.

In this case, Plaintiff alleges harm resulting from the garnishment of his wages for interest owed on child support arrears without notice or certified interest calculations from a Title IV-D agency. *See* Dkt. 1. He seeks, among other requests for relief, a declaration of the violation of his constitutional rights and an injunction stopping Brinkley from collecting interest on child support. *Id*. at 25-26. He similarly requests, in his pending motion, that Brinkley be enjoined from collecting interest on child support, cease any actions to collect the interest, and provide an accounting of all interest collected, as well as that "all relevant parties and agencies" be notified of the order granting injunctive relief to "ensure compliance with its terms." Dkt. 21-1 at 3. Plaintiff, in other words, asserts legal harm arising from the state court order directing his payment of interest on child support arrears, and seeks relief from that order. In so doing, Plaintiff presents a forbidden de facto appeal under *Rooker-Feldman*. The issues raised in this matter are, moreover, inextricably intertwined with the decision of the state court from which the

---

[2] The doctrine also applies to both final and interlocutory state court decisions, *Benavidez*, 993 F.3d at 1142, and "even when the state court judgment is not made by the highest state court," *Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994).

ORDER OF DISMISSAL - 6

1  de facto appeal arises.  That is, granting Plaintiff the relief requested would effectively reverse or
2  void the state court order directing his payment of interest on child support arrears.
3         The mere fact that Plaintiff casts his claims as constitutional violations committed by
4  individuals in a conspiracy, and seeks monetary relief as a result of those alleged violations, does
5  not preclude dismissal under *Rooker-Feldman*.  *See, e.g.*, *Cooper*, 704 F.3d at 781-82 (finding
6  plaintiff's attempt to hold public officials liable for a conspiracy to prevent him from obtaining
7  DNA testimony in state court criminal proceeding inextricably intertwined with the state court
8  order denying his request for DNA testing because "[f]ederal adjudication of this claim would
9  impermissibly 'undercut the state ruling' on the same issues[,]" and the prayer for relief in the
10 form of monetary damages was "contingent upon a finding that the state court decision was in
11 error.") (quoted source omitted); *Comenout v. Pierce Cnty. Superior Ct.*, C16-5464-RJB, 2017
12 WL 1957125, at *1-3 (W.D. Wash. May 11, 2017) (addressing allegations that individual state
13 employees investigated and coordinated plaintiffs' prosecution without jurisdiction and failed to
14 give a correct statement of law, and requests for associated declaratory and injunctive relief, and
15 concluding that, "while Plaintiffs may attempt to cast their claims as allegations against
16 individuals, the Complaint is a not-so-veiled attempt to undermine the state court proceedings[]"
17 and therefore barred under *Rooker-Feldman*).  *See also Zayas v. Walton*, C22-0018-MJP, 2022
18 WL 1468997, at *3 (W.D. Wash. May 10, 2022) (finding that, to the extent plaintiff's allegations
19 against social workers and others for alleged civil rights violations in connection with state court
20 dependency proceedings challenged and sought to reverse any final decisions in those
21 proceedings, the claims constituted a de facto appeal barred under *Rooker-Feldman*).  This case,
22 instead and as argued by Defendants, fits squarely within the *Rooker-Feldman* doctrine.  *See*
23 *Cooper*, 704 F.3d at 781-82 ("The alleged conspiracy is a fig leaf for taking aim at the state

court's own alleged errors. It is precisely this sort of horizontal review of state court decisions that the *Rooker–Feldman* doctrine bars.") (citations omitted).

Plaintiff's arguments to the contrary are not persuasive. He states, for example, that his allegations focus on Defendants' criminal conduct, including grand larceny, the improper application of consumer debt law, and the misuse and arbitrary imposition of various laws, and are therefore "independent issues that fall outside the scope of *Rooker-Feldman*." Dkt. 25 at 2-5. However, Plaintiff also makes clear that his claims are based on his disagreement with the state court order and judgment providing for the garnishment of his wages to pay interest on child support arrears. *See id*. at 2 ("The Defendants unlawfully seized $89,915.70 of the Plaintiff's protected property by force through a court order, took it against the Plaintiff's will and without consent through wage garnishment by [DSHS], and intended to keep it by means of trickery."). He also requests relief that would "'effectively reverse the state court decision or void its ruling.'" *Hooper*, 56 F.4th at 624-25 (quoting *Cooper*, 704 F.3d at 779). The Court is therefore precluded from exercising subject matter jurisdiction under the *Rooker-Feldman* doctrine.

## CONCLUSION

The Court, in sum, concludes that it lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff's Motion for Injunctive Relief, Dkt. 21, is therefore STRICKEN as moot, and this action is DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Dated this 2nd day of May, 2025.

S. KATE VAUGHAN
United States Magistrate Judge