UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JAMES HENSLEY, JR.,

        Plaintiff,

    v.

GLORIA BRINKLEY, et al.,

        Defendants.

Case No. C24-1053-SKV

ORDER DENYING MOTION FOR RECONSIDERATION

INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Order of Dismissal. Dkt. 28. After considering the parties' briefing, *see* Dkts. 28-36, and the balance of the record, the Court DENIES the motion for the reasons set forth below.

BACKGROUND

Plaintiff filed this civil rights matter under 42 U.S.C. § 1983, and named Chelsea Beasley and James Jonson, employees of the Washington State Department of Social and Health Services (DSHS), and Gloria Brinkley, the mother of Plaintiff's child, as Defendants. Dkt. 1. He alleged Defendants conspired to violate his constitutional rights, and that he suffered harm resulting from the garnishment of his wages for interest owed on child support arrears without notice or certified interest calculations from a "Title IV-D" agency. *See id.* He also filed a motion for

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

injunctive relief. Dkt. 21. He sought, among other requests for relief, a declaration of the violation of his constitutional rights, that Brinkley be enjoined from collecting interest on child support, cease any actions to collect the interest, and provide an accounting of all interest collected, and that all relevant parties and agencies be notified of the order granting injunctive relief to ensure compliance with its terms. Dkt. 1 at 25-26; Dkt. 21-1 at 3.

By Order dated May 2, 2025, the Court dismissed the case without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and struck the motion for injunctive relief as moot. Dkt. 26. The Court found that, in alleging legal harm arising from a state court order directing Plaintiff's payment of interest on child support arrears and seeking relief from that order, Plaintiff presented a forbidden de facto appeal under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The Court further found that the issues raised in this matter were inextricably intertwined with the decision of the state court from which the de facto appeal arose, such that granting Plaintiff the relief requested would effectively reverse or void the state court order directing his payment of interest on child support arrears. The Court was therefore precluded from exercising subject matter jurisdiction over this matter under the *Rooker-Feldman* doctrine.

## DISCUSSION

Plaintiff now seeks reconsideration of the Court's Order dismissing this case. A court may reconsider and amend a judgment pursuant to Rule 59(e).[1] However, this rule "offers an

---

[1] Defendants reasonably construed Plaintiff's motion as seeking relief under Rule 59(e) given his assertions of clear error and manifest injustice, *see* Dkts. 28 & 32, and Plaintiff did not correct this interpretation in his reply, *see* Dkt. 35. The Court notes that Plaintiff's motion could also be construed as filed pursuant to Local Civil Rule (LCR) 7(h). Under that rule, motions for reconsideration are disfavored and will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a

1  extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

2  resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (cleaned

3  up).  "A district court may grant a Rule 59(e) motion if it is presented with newly discovered

4  evidence, committed clear error, or if there is an intervening change in the controlling law."

5  *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (cleaned up).  *See also Allstate Ins. Co.*

6  *v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (identifying the four basic grounds for granting a

7  motion under Rule 59(e) as:  "(1) if such motion is necessary to correct manifest errors of law or

8  fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered

9  or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice;

10 or (4) if the amendment is justified by an intervening change in controlling law.").  The Court

11 has "'considerable discretion'" in deciding a motion under Rule 59(e).  *Kaufmann*, 33 F. 4th at

12 850 (quoted source omitted).

13       Here, in asserting clear error in the application of the *Rooker-Feldman* doctrine and

14 dismissal of this case, Plaintiff contends his alleged injury arises not from the August 9, 2023

15 Snohomish County Superior Court order directing his payment of interest on child support

16 arrears and discussed in this Court's Order, "but from ongoing garnishment of his wages

17 pursuant to [a] Georgia Income Withholding Order . . . , a direct consequence of the Defendants'

18 actions and potentially flawed calculations predating the August 9, 2023, order."  Dkt. 28 at 4-5.

19 He asserts that his claims are rooted not in the August 2023 order, but in an earlier, 2013

20 Snohomish County Superior Court order that also directed his payment of interest on child

---

showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  LCR 7(h)(1).  As discussed below, Plaintiff does not show error in the Court's ruling or new facts or legal authority which could not have been brought to the Court's attention earlier.  He is, accordingly, not entitled to relief under either Rule 59(e) or LCR 7(h).

support arrears. *Id*. at 5. He asserts that the harm resulting from these two orders is distinct, and that the 2023 order is not being enforced. He argues that dismissal of this case would result in manifest injustice by leaving him without a forum to address the alleged constitutional violations, and that Defendants misrepresented the facts in raising arguments associated with the 2023 state court order. Plaintiff also, in his reply, points to Brinkley's alleged misrepresentations, rather than the state court orders relying on those misrepresentations, as the focus of his claims. *See* Dkt. 35. However, for the reasons discussed below, the Court finds no basis for altering or amending the judgment.

Plaintiff does not identify newly discovered evidence or an intervening change in controlling law. He, at best, raises arguments and points to evidence known and available to him prior to the filing of this lawsuit, including both the 2013 Snohomish County Superior Court order and the 2022 order from a superior court in Georgia directing garnishment of his wages pursuant to an order of the Snohomish County Superior Court. *See, e.g.,* Dkt. 29, Exs. A & D. However, a Rule 59(e) motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890 (emphasis in original). Plaintiff could have, but did not raise these arguments prior to the dismissal of this case. *See, e.g.,* Dkt. 25 (reply brief filed in support of motion for injunctive relief and opposing Defendant's argument for dismissal under the *Rooker-Feldman* doctrine). Plaintiff does not offer any reason or explanation as to why he failed to do so. *See* Dkts. 28-29, 31, 35-36. Nor is there any basis for contending that Defendants misrepresented the facts in construing Plaintiff's allegations or in referring to the most recent state court order directing his payment of interest on child support arrears.

1    Plaintiff also fails to demonstrate clear error.  "Clear error occurs when 'the reviewing
2    court on the entire record is left with the definite and firm conviction that a mistake has been
3    committed.'"  *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting
4    *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Plaintiff does not make such a
5    showing.  In fact, and as Defendants observe, Plaintiff's arguments identify a "distinction
6    without a difference."  Dkt. 8 at 11.  That is, whether the garnishment of Plaintiff's wages is
7    attributed to a 2013 or 2023 order of the Snohomish County Superior Court, it remains that
8    Plaintiff presents a de facto appeal of a state court order and judgment regarding his past due
9    child support obligations.  *See* Dkt. 28 at 3-5 (asserting that the "order for $33,350.12" from
10   Snohomish County Superior Court is "the source of the harm alleged", that his "claims directly
11   address the ongoing enforcement of the $33,350.12" order from Georgia withholding his income
12   in that amount, and that his claims "focus on the Defendants' actions related to an enforcement
13   order rooted in the earlier 2013 order").  Moreover, the *Rooker-Feldman* doctrine applies
14   because this lawsuit presents a forbidden de facto appeal of a state court order, and because the
15   issues raised – including issues associated with Brinkley's alleged misrepresentations – are
16   inextricably intertwined with the decision of the state court from which the de facto appeal
17   arises.  *See Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003) (explaining the Ninth Circuit's
18   two-step approach to the *Rooker-Feldman* doctrine as requiring an initial determination of
19   whether the plaintiff is seeking a forbidden de facto appeal of a state court judicial decision, and
20   then consideration of whether the issues in the federal case are so inextricably intertwined with
21   the state decision from which the forbidden appeal arises).
22       Plaintiff likewise fails to support his assertion of manifest injustice.  He asserts manifest
23   injustice in that dismissal of this action will deprive him of a forum to address the constitutional

ORDER DENYING MOTION FOR
RECONSIDERATION - 5

violations alleged. However, it remains that this Court lacks subject matter jurisdiction over this lawsuit.[2] Moreover, courts in the Ninth Circuit generally treat manifest injustice as "very nearly synonymous with clear error," defining it as "any error in the trial court that is direct, obvious and observable[.]" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, No. C17-233, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018) (cleaned up and citations omitted). Plaintiff fails to demonstrate any such error. Also, "'[m]anifest injustice,' as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue." *All. for Wild Rockies v. U.S. Forest Serv.*, C19-445, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020). Plaintiff, for this reason and for the reasons set forth above, does not demonstrate the extraordinary circumstances necessary for the relief requested in his motion.

## CONCLUSION

The Court, in sum, finds no basis for altering or amending the judgment. Plaintiff's Motion for Reconsideration of Order of Dismissal, Dkt. 28, is therefore DENIED.

Dated this 13th day of June, 2025.

*[signature]*

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] It is also worth noting, as reflected in the Court's Order dismissing this case and in Defendants' opposition to the current motion, that Plaintiff actively litigated in relation to both the 2013 and 2023 Snohomish County Superior Court orders. *See* Dkt. 26 at 2-3 and Dkt. 33, Exs. 1-11.